# EXHIBIT 52

SHANNON LISS-RIORDAN (State Bar No. 310719)
 (sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

Attorney for Plaintiff-Intervenors
Elana Pera, Penny Nunez, Sarah Murphy,
Poohrawn Mehraban, Nicole Hughes,
Angelynn Hermes, Gypsy Vidal,
and Rashele Hamren,
on behalf of themselves
and others similarly situated

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JANE ROES 1-4,<br><br>Plaintiffs, and<br><br>ELANA PERA, PENNY NUNEZ, SARAH MURPHY, POOHRAWN MEHRABAN, NICOLE HUGHES, ANGELYNN HERMES, GYPSY VIDAL, and RASHELE HAMREN,<br><br>Plaintiff-Intervenors<br><br>v.<br><br>DÉJÀ VU SERVICES, INC., et al.<br><br>Defendants. | Case No. 37-2018-00028044-CU-OE-CTL<br><br>**FIRST AMENDED COMPLAINT IN INTERVENTION**<br><br>Assigned for all purposes to:<br>Hon. Timothy B. Taylor<br>Department: C-72<br><br>Complaint filed: May 31, 2018<br>Complaint in Intervention filed:<br>December 27, 2018 |

Plaintiffs-Intervenors Elana Pera, Penny Nunez, Sarah Murphy, Poohrawn Mehraban, Nicole Hughes, Angelynn Hermes, Gypsy Vidal, and Rashele Hamren, on behalf of themselves and a class of similarly situated individuals, by way of this Complaint in Intervention, state and allege as follows:

## I. INTRODUCTION

1. Plaintiffs bring this suit as a class and collective action on behalf of other similarly situated aggrieved employees of S.A.W. Entertainment, Ltd. d/b/a Larry Flynt's Hustler Club ("Hustler Club"), S.A.W. Entertainment, Ltd. d/b/a Condor Gentlemen's Club ("Condor"), Gold Club – S.F., LLC d/b/a Gold Club San Francisco ("Gold Club"), as other adult entertainment clubs in San Francisco that have been managed by Defendant SFBSC Management, LLC (collectively, "the Clubs" or "Defendants"), during the relevant statutory period. Defendants have misclassified Plaintiffs and other similarly situated exotic dancers as independent contractors and, in so doing, have violated various provisions of California and federal law, including: (1) Cal. Lab. Code §§ 1197 and 1194 for failing to pay minimum wage; (2) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for failing to pay minimum wage; (3) Cal. Lab. Code § 226(a) for failing to provide itemized wage statements; (4) Violation of Unfair Competition Law, Business & Professions Code §§ 17200, et seq.; (5) Cal. Labor Code §2802 by requiring dancers to pay various expenses that should have been borne by the employer; and (6) Cal. Labor Code § 351 (enforceable through Cal. Bus. & Prof. Code § 17200) by failing to allow dancers to retain all gratuities paid by customers. In addition, Plaintiffs bring representative claims pursuant to the California Private Attorney General Act of 2004 ("PAGA"), Cal. Labor Code §§ 2698 et seq.

## II. PARTIES

2. Intervenor-Plaintiffs have performed as exotic dancers at Defendants' clubs in California during the relevant statutory period.

3. Plaintiffs bring this case as a class action on behalf of all exotic dancers who have worked for Defendants as independent contractors since four years prior to the filing of *Hughes,*

*et al. v. S.A.W. Entertainment, LTD., et al.*, No. 16-3371 (N.D. Cal.), and *Pera v. S.A.W. Entertainment, LTD*, 17-138 (N.D. Cal.), and as an FLSA collective action on behalf of all exotic dancers who have worked for Defendants as independent contractors during the applicable statutory period who may choose to opt in to this action.

4. Defendant Déjà vu Services, Inc. is a Michigan Corporation maintaining offices in North Hollywood, California, San Diego, California and Lansing, Michigan. From those offices Déjà Vu Services manages, operates and/or controls the business operations and employment and wage policies at the numerous Déjà Vu Nightclubs in California.

5. Defendant S.A.W. Entertainment, Ltd. is a California corporation, with its principal place of business in San Francisco, California, which operates the Larry Flynt's Hustler Club and Condor Gentlemen's Club located in San Francisco, California.

6. Defendant GOLD CLUB – S.F., LLC is a Nevada corporation, with its principal place of business in San Francisco, California, which operates Gold Club San Francisco located at 650 Howard Street in San Francisco, California.

7. Defendant BT CALIFORNIA, LLC is a California corporation, with its principal place of business in San Francisco, California, which operates The Penthouse Club located at 412 Broadway Street in San Francisco, California.

8. Defendant SFBSC Management, LLC is a business organized under the laws of Nevada and registered to do business in California, and it maintains management authority and control over the operations of Hustler Club, Gold Club, and approximately ten other adult entertainment clubs that have operated in San Francisco.

### III. JURISDICTION AND VENUE

9. This is an action in intervention in the above-captioned suit as filed by Plaintiff-Intervenors. The above-captioned suit is a class action brought pursuant to Section 382 of the California Code of Civil Procedure and seeks to remedy Defendants' violations of various states' labor laws. To the extent that the Court finds it has jurisdiction over Plaintiffs' claims in this case, it should also find that it has jurisdiction over the instant Complaint-in-Intervention.

## IV. RIGHT TO INTERVENE

10. As shown by the facts alleged below and as the Court has ruled, Plaintiff-Intervenors have a right to intervene under Code Civ. Proc. § 387(b) in this action either because they are class members in the above-referenced action and/or they have been actively litigating wage claims and PAGA claims on behalf of a putative class of dancers for the past two years in *Hughes, et al. v. S.A.W. Entertainment, LTD., et al.*, No. 16-3371 (N.D. Cal.), and *Pera v. S.A.W. Entertainment, LTD*, 17-138 (N.D. Cal.). The adjudication of the parties' claims in this case in their absence will completely impair and impede her ability to protect her interest in her ongoing case as well as the interests of the class they seek to represent because it will wipe out the claims in their pending proceedings without adequate consideration or compensation.

11. Furthermore, as shown by the facts alleged below and as the Court has ruled, pursuant to Code Civ. Proc. § 387(a), Plaintiff-Intervenors have an interest in the subject matter of the litigation, because, under California law as under federal law, absent class members are bound by the doctrine of *res judicata* in a class action settlement and their claims and those of the class they have sought to represent for the past two years could be wiped out without adequate consideration or compensation. Adjudication of Plaintiff-Intervenors' interests will not delay or unduly expand the trial of this action.

## IV. STATEMENT OF FACTS

12. Déjà vu Services, Inc. operates numerous nightclubs that specialize in adult entertainment in California.

13. For example, the Hustler Club, Condor Gentlemen's Club, and the Gold Club are adult entertainment clubs located in San Francisco.

14. The Hustler Club advertises that it is "San Francisco's top gentleman's club" and that it was voted the "SF Best Strip Club 2015."

15. The Gold Club advertises that it is "San Francisco's upscale topless adult club," and welcomes guests to "[c]ome in and get comfortable with our world class, sexy adult entertainers."

16. Defendant SFBSC Management, LLC maintains management authority and control over the operations of Hustler Club, Gold Club, and approximately ten other clubs in San Francisco. SFBSC Management, LLC is in the business of operating adult entertainment clubs and holds control over the work conditions of the dancers in these clubs.

17. The Clubs and SFBSC classified all exotic dancers who perform at these "gentleman's clubs" and "adult clubs" as independent contractors, when in reality they are employees of Defendants.

18. Defendants have exercised extensive control over the manner in which their exotic dancers, including Plaintiffs, perform their jobs and conduct themselves while on Defendants' premises, including what dancers are allowed to wear, how much dancers can receive for private dances and sessions, and how dancers can interact with customers. For example, Defendants fine dancers if they violate Defendants' rules regarding appearance, wardrobe, or behavior. Likewise, Defendants have required Plaintiffs-Intervenors and other dancers to work at least three days per week and Defendants have imposed fines for dancers who miss their scheduled shift, who work less than a full shift, or who attempt to work on a day when they are not scheduled.

19. In addition, the Defendants are in the business of providing adult entertainment to its patrons. The dancers perform services in the usual course of this businesses, and without the dancers, Defendants would have no business.

20. Plaintiffs and other exotic dancers who have worked at these clubs are also not engaged in an independently established trade or business. When they dance at these clubs, they wear the "hat" of the club, rather than their own "hat" as an independent business.

21. The Clubs maintain websites on which they provide photographs and other information regarding the dancers who perform at the Clubs, including advertising the specific dates when dancers are working.

22. In order to perform their job, the dancers have been required to pay "house fees" to Defendants. The average house fees can range between $40-$60 per shift, and they can be as

high as $240 for one shift.

23. Exotic dancers who have worked for the Clubs have not received any wages from Defendants.

24. Instead, any compensation the dancers have received has come directly from patrons in the form of gratuities or tips.

25. Out of these gratuities or tips, the dancers have been required to pay a portion back to the Clubs, as well as share their tips with other employees who are not eligible to share in tips, including managers and non-service employees (such as "house moms" and disc jockeys).

26. Even if these payments from patrons were deemed to be the dancers' "wages", the dancers have not been permitted to retain the full amount of these wages, since the Clubs have subtracted various fines, charges, and fees from these amounts (as well as requiring the dancers to share them with other employees).

27. Based on their misclassification as independent contractors, Plaintiffs and other dancers have been required to bear expenses of their employment, including expenses for wardrobe that meets Defendants' requirements. California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the employees to perform their jobs.

28. Defendants have failed to provide Plaintiffs-Intervenors and other dancers with itemized wage statements showing the dancers' hours worked, total wages earned, all deductions from wages, and all other information required by Cal. Lab. Code § 226(a).

## V. CLASS AND COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs-Intervenors bring this action as a class action, on behalf of all other dancers who have performed at the Clubs and who have been designated as "independent contractors" since four years prior to the filing of this complaint.

30. Plaintiffs-Intervenors and other class members have uniformly been misclassified as independent contractors.

31. The members of the class or classes are so numerous that joinder of all class members is impracticable.

32. Common questions of law and fact exist as to members of the class who have been misclassified as independent contractors. Among the questions of law and fact that are common to these dancers are:

   a. Whether class members have been required to follow uniform procedures and policies regarding their work for Defendants;

   b. Whether the work performed by class members— nude or semi-nude dancing — is within Defendants' usual course of business, and whether such service is fully integrated into their businesses;

   c. Whether these class members have been required to bear the expenses of their employment, such as expenses for, their wardrobe, and other expenses.

   d. Whether class members were entitled to receive an hourly rate of the applicable California minimum wage for all hours worked at the Clubs.

33. The Plaintiffs-Intervenors are members of the class or classes described above, who suffered damages as a result of Defendants' conduct and actions alleged herein.

34. The Plaintiffs-Intervenors' claims are typical of the claims of the class or classes described above, and the Plaintiffs-Intervenors have the same interests as the other members of the class.

35. The Plaintiffs-Intervenors will fairly and adequately represent and protect the interests of the class members. The Plaintiffs-Intervenors have retained able counsel experienced in class action litigation. The interests of the Plaintiffs-Intervenors are coincident with, and not antagonistic to, the interests of the other class members.

36. The questions of law and fact common to the members of the class or classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

38. Plaintiffs-Intervenors also bring this case as a collective action under 29 U.S.C. § 216(b) on behalf of any dancers who have worked for Defendants since three years prior to the filing of this case, who may choose to "opt in" to this case.

39. Plaintiffs-Intervenors are similarly situated to all other dancers who worked at the Clubs, and there is a group of similarly situated employees who were subject to Defendants' common policies and who are entitled to notice of this action under 29 U.S.C. § 216(b).

## COUNT I

### Violation of Cal. Lab. Code §§ 1197 and 1194

40. Defendants' conduct, as set forth above, in failing to pay their dancers minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194. This claim is brought on behalf of a class of similarly situated individuals who worked for Defendants.

## COUNT II

### Violation of 29 U.S.C. § 206(a)(1)(C)

41. Plaintiffs-Intervenors and other dancers who worked for Defendants were employees of Defendants for purposes of the Fair Labor Standards Act. However, Defendants have failed to pay the dancers an hourly rate of at least the federal minimum wage of $7.25 per hour. Defendants have thus violated the FLSA, 29 U.S.C. § 206(a)(1)(C), and have done so willfully, intentionally, and in bad faith.

## COUNT III

### Violation of Cal. Lab. Code § 226(a)

42. Defendants' conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a). This claim is brought on behalf of a class of all dancers who have worked for Defendants during the relevant time period.

## COUNT IV

### Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

43. Defendants' conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Defendants' conduct constitutes unlawful business acts or practices, in that Defendants have violated California Labor Code §§ 210, 226, 1194, 1197, and 2802. As a result of Defendants' unlawful conduct, Plaintiffs-Intervenors and class members suffered injury in fact and lost money and property, including, but not limited to unpaid wages, unpaid minimum wages, gratuities they were not allowed to keep, and expenses that dancers were required to pay. Pursuant to California Business and Professions Code § 17203, Plaintiffs-Intervenors and class members seek to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs-Intervenors and class members who worked for Defendants in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## COUNT V

### Violation of Cal. Lab. Code § 2802

44. Defendants' conduct, as set forth above, in misclassifying their dancers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802. This claim is brought on behalf of a class of similarly situated individuals who have worked for Defendants during the relevant statutory period.

## COUNT VI

### Violation of Cal. Lab. Code § 351

### (Enforceable Through Cal. Bus. & Prof. Code § 17200 *et seq.*)

45. Defendants' conduct, as set forth above, in failing to permit dancers to retain all gratuities, including dance fees, paid by customers, constitutes a violation of California Labor Code § 351. This violation is enforceable pursuant to the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. Defendants' conduct constitutes unlawful, unfair, or fraudulent acts or practices, in that Defendants have violated California Labor Code §351 in not permitting dancers to retain all gratuities, including dance fees, paid by customers. As a result of Defendants' conduct, Plaintiffs-Intervenors and class members suffered injury in fact and lost money and property, including the loss of gratuities to which they were entitled. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs-Intervenors and class members seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.

## COUNT VII

### Penalties Pursuant to Private Attorney General Act of 2004, Cal. Lab. Code §§ 2698 et seq.

46. Plaintiffs-Intervenors are aggrieved employee as defined by Cal. Lab. Code §2699(c), as they were employed by the Clubs during the applicable statutory period and suffered injury as a result of the Clubs' Labor Code violations. Accordingly, Plaintiffs-Intervenors seek to recover on behalf of the State of California, as well as themselves and all other current and former aggrieved employees of the Clubs who have worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

47. Exotic dancers of the Clubs are entitled to penalties pursuant to PAGA for the following: (1) violations of Cal. Lab. Code §§ 1197 and 1194 for failure to pay minimum wage; (2) violations of Cal. Lab. Code §§ 1194, 1198, 510, and 558, for failure to pay overtime wages; (3) violations of Cal. Lab. Code § 226(a) for failure to provide itemized wage statements; and (4)

violations of Cal. Lab. Code § 2802 by requiring dancers to pay various expenses that should have been borne by the employer.

48. Plaintiffs-Intervenors have complied with the notice requirement of Cal. Lab. Code § 2699.3 and mailed a written notice to the California Labor & Workforce Development Agency ("LWDA"), and Defendants via Certified Mail, return receipt requested, on September 25, 2015, and they also submitted a notice to the LWDA via its online filing portal and certified mail on August 17, 2018.

## **PRAYER FOR RELIEF**

Plaintiffs-Intervenors, on behalf of themselves and the members of the putative class, pray for relief as follows:

    a. Certification of this action as a class action;

    b. Issuance of notice allowing similarly situated individuals to opt in to this case pursuant to the Fair Labor Standards Act, 28 U.S.C. § 216(b);

    c. Designation of Plaintiffs-Intervenors as representatives of the putative class and collective action;

    d. Designation of Plaintiffs-Intervenors' Counsel as Class Counsel for the putative class and collective action;

    e. Damages for failure to pay minimum wage pursuant to federal and California law;

    f. Restitution pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*;

    g. Liquidated damages pursuant to federal law;

    h. Statutory penalties pursuant to PAGA for Defendants' violations of the California Labor Code;

    i. Pre-judgment and post-judgment interest; and

    j. Attorneys' fees and costs.

| | |
|---|---|
| Dated: January 24, 2019 | LICHTEN & LISS-RIORDAN, P.C.<br><br>By: _/s/ Shannon Liss-Riordan_<br>Shannon Liss-Riordan<br>Attorney for Plaintiff-Intervenors |