BOWMAN AND BROOKE LLP
Tammara N. Bokmuller (SBN: 192200)
750 B Street, Suite 2200
San Diego, CA 92101
Telephone No.: (619) 376-2500
Facsimile No.: (619) 376-2501

Attorney for Non-San Francisco Defendants:
[Additional Counsel Listed on Signature Page]

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, et al.<br>Plaintiffs,<br>v.<br><br>SFBSC MANAGEMENT, LLC, et al.,<br>Defendants, | CIVIL CASE NO.    14-CV-03616-LB<br>RELATED CASES:   16-CV-03371-LB<br>                           17-CV-00138-LB<br>                           17-CV-05288-LB<br>                           17-CV-06971-LB<br>                           19-CV-03960-LB |
| NICOLE HUGHES, et al.<br>Plaintiffs,<br>v.<br><br>S.A.W. ENTERTAINMENT, LTD., et al.,<br>Defendants. | **JOINT CASE MANAGEMENT STATEMENT** |
| ELANA PERA, et al.<br>Plaintiffs,<br>v.<br><br>S.A.W. ENTERTAINMENT, LTD., et al.,<br>Defendants. | District:    Hon. Laurel Beeler<br><br>Date:       August 12, 2021<br>Time:       9:30 A.M. |
| POOHRAWN MEHRABAN,<br>Plaintiffs,<br>v.<br><br>BT California, LLC, et al.,<br>Defendants. | |
| ELAINE GOMEZ-ORTEGA, et al.<br>Plaintiffs,<br>v.<br><br>DÉJÀ VU – SAN FRANCISCO, LLC, et al.,<br>Defendants. | |
| JANE ROES 1 AND 2, et al.<br>Plaintiffs,<br>v.<br><br>DÉJÀ VU SERVICES, INC., et al.,<br>Defendants. | |

1

The undersigned jointly submit this Case Management Statement in advance of the Case Management Conference scheduled for August 12, 2021, at 9:30 a.m.

For the sake of efficiency, and understanding the Court is very familiar with these related cases, the parties incorporate by reference the information provided in prior Case Management Statements concerning:  (1) Jurisdiction and Service; (2) Facts; (3) Legal Issues; (4) Prior Motions; (5) Amendment of Pleadings; (6) Evidence Preservation; (7) Disclosures; (8) Discovery (9) Class Actions; (10) Related Cases; (11) Relief; (12) Settlement and ADR; (13) Consent to Magistrate Judge For All Purposes; (14) Other References; (15)  Narrowing of Issues; (16) Expedited Trial Procedure; (17) Scheduling; (18) Trial; (19) Disclosure of Non-party Interested Entities or Persons; and (20) Professional Conduct.

I.      **MEDIATION AND SETTLEMENT**

As the Court will recall, the parties in the above-captioned cases (with the exception of the *Gomez-Ortega* case) mediated with Tripper Ortman on March 11, 2020, and ultimately reached two settlements in principle.  One settlement, if approved, will resolve the putative class, collective, and representative actions in "San Francisco *Roe*" (Case No. 14-cv-03616-LB) and "San Diego *Roe*" (Case No. 19-cv-03960-LB) ("the *Roes* settlement").  The other settlement resolves all the claims this Court ordered to individual arbitration in *Hughes*, *Pera*, and *Mehraban*.

As detailed below, the shutdown of the defendant nightclubs caused by the COVID-19 pandemic and the resulting impact on the clubs' cash flow, which has been far longer and deeper than anybody anticipated, has required multiple revisions to the settlement terms – primarily those related to the timing of payments.  Nevertheless, the parties have agreed to terms and have obtained all signatures on the Settlement Agreement with the exception of one Defendant representative for two establishments, who is currently hospitalized with COVID.  Defense counsel anticipates being able to obtain his signatures in the near future.  Plaintiffs' counsels will discuss the timing of the filing of their anticipated motion for preliminary approval of the settlement at the CMC.  Upon final approval, the *Roes* settlement will resolve the putative class claims in *Hughes*[1] and *Gomez-Ortega*,

---

[1] The four defendant nightclubs that were respondents in the claims the Court ordered to arbitration in the *Hughes*, *Pera* and *Mehraban* cases consummated settlements with the individual claimants in those arbitrations in December 2020.

as well as claims alleged under the California Private Attorney General Act, Labor Code § 2698 et seq. (if any) and collective claims alleged under the Fair Labor Standards Act, 29 U.S.C. § 216, as to those class members who join or opt-in to the settlement.

The key terms of the *Roes* settlement[2] are as follows:

- **Total Consideration**: The gross value of the settlement consideration is five million five hundred thousand dollars ($5,500,000), consisting of cash payments, dance fee payments, enhancement payments, PAGA payments, attorneys' fees and expenses, administrative costs, and changed business practices (i.e., injunctive relief obtained by the class).

- **Allocation of Settlement Funds**: Settlement class members will receive cash payments, dance fee payments, and PAGA payments on a *pro rata* basis in accordance with their earnings as entertainers during the relevant class periods, as reflected in their IRS Form 1099s.

- **Dance Fee Payments**: For settlement class members who elect to receive their settlement consideration in the form of dance fee payments from the Defendant clubs, the Defendant clubs will make available up to $500,000 for payment of such dance fees for a period of one year from the effective date of the settlement agreement.  To the extent a settlement class member does not obtain the full amount of dance fees she is entitled to obtain during the one-year collection period, the balance of dance fees will be paid to her as cash in the form of a settlement check. If more than $500,000 in dance fees are claimed, settlement class members will be entitled to obtain dance fee payments until the dance fee pool is exhausted; they will receive the balance of their settlement payments as cash in the form of a settlement check.

- **Cash Payments**:  $4,000,000 will be made available for a "cash pool" that is to be used for the payment of settlement checks to settlement class members who do not opt out of the settlement or who do not elect to receive their settlement payments in

---

[2] This is meant only as a summary of the settlement agreement.  The specific terms of the settlement agreement shall be controlling.

the form of dance fees, PAGA payments, enhancement payments, attorneys' fees and expenses, and administrative costs.  To the extent settlement class members' claims for dance fee payments do not exhaust the $500,000 dance fee pool, the remainder of the dance fee pool will be converted to cash.  For example, if settlement class members' claims for dance fee payments total $300,000, the cash pool for cash payments will increase to $4,200,000.  No portion of the cash payments or dance fee payments revert to Defendants.

- **PAGA Payments**:  $125,000 will be allocated from the cash pool to resolve the PAGA claims, with 75% thereof being paid to the Labor and Workforce Development Agency ("LWDA") and 25% there of paid to the settlement class members on a pro rata basis.

- **Attorneys' Fees and Costs/Administrative Fees**:  Attorneys' fees and costs, and administrative fees, as approved by the Court, will be paid from the cash pool.

- **Enhancement Payments**:  Enhancement payments to settlement class members, as approved by the Court, will be paid from the cash pool.

- **Funding of the Settlement**:   Defendants will fund the settlement in three installment payments on March 1, 2022 ($2,000,000), March 1, 2023 ($1,000,000), and March 1, 2024 (remaining balance of the settlement funds).  The funding schedule is subject to 75% of the Defendant clubs being permitted to re-open under applicable COVID-19 pandemic orders and being permitted to operate to at least 75% of normal capacity with exotic dance entertainment by January 1, 2022.  The parties will petition the Court to review and potentially alter the payment schedule if this condition is not met.

- **Changed Business Practices**:  Subject to an existing settlement agreement governing some of the Defendants here, the Defendant clubs will provide enhanced terms of employment, in the form of increased dance fee commissions and other compensation, for a period of at least one year after preliminary approval is granted. The value of the enhanced terms of employment equal or exceed $1,000,000.

4

JOINT CASE MANAGEMENT STATEMENT – *ROE v. SFBSC MANAGEMENT, LLC ET AL.*,
CIVIL CASE NO. 14-CV-03616-LB AND RELATED CASES

1

### A.    Joint Statement of Defendants

Because of the COVID-19 pandemic, most of the defendant nightclubs were required to close as of March 16, 2020, and generated no operating revenues for over a year.  Some of the defendant nightclubs have permanently closed as a result of the pandemic, but others have been permitted to reopen in various capacities.  As the Court is aware, however, there is a current upsurge in COVID cases due to the Delta variant, and the continued operations of the defendant nightclubs is far from assured going forward.  The pandemic is in charge.  Simply put, while the majority of the defendant nightclubs have reopened, they are operating on truncated schedules with less-than-full staffing.

While closed, all the defendant nightclubs diligently pursued strategies to cut expenses.  But the nightclubs were unable to secure relief under the CARES Act due to regulations purporting to bar businesses that derive revenue from entertainment of a "prurient sexual nature" from accessing to such assistance.  *See, Deja Vu-San Francisco LLC v. United States Small Bus. Admin.*, No. 20-CV-03982-LB, 2020 WL 6260010, at *7 (N.D. Cal. Sept. 11, 2020).  As such, the nightclubs went into "hibernation" mode to preserve resources to cover essential expenses in order to endure the pandemic and emerge as viable businesses when reopening was permitted.  The nightclubs' diminished cash resources necessitated the extended funding schedule the parties agreed to in the *Roes* settlement.

### B.    Statement of Plaintiffs in *Roe v. SFBSC Management, LLC et al.* (Case No. 14-cv-03616-LB)

Counsel for Plaintiffs in the first-filed case, *Roe v. SFBSC Management, LLC et al.*, Case No. 14-cv-03616-LB, request that all of the other cases be stayed during the pendency of consummating the *Roes* settlement and the anticipated motions for preliminary and final approval, or alternatively request that the 19-cv-03960 *Roe* case be stayed with respect to claims arising from work performed in San Francisco, and the *Hughes* action be stayed in its entirety, while the first-filed case progresses.  Plaintiffs request that the Court set a deadline requiring that a motion for preliminary approval of settlement be filed within 60 days.

///

1
2
3
4

**C.**     **Statement of Plaintiffs and Intervenors in *Hughes v. S.A.W. Entertainment, Ltd., et al.* (Case No. 6-cv-03371-LB), *Pera v. S.A.W. Entertainment, Ltd., et al.* (Case No. 17-cv-00138-LB),  *Roes 1 - 2 v. Déjà Vu Services, Inc., et al.* (Case No. 19-cv-03960-LB)**

5
6
7
8
9
10

As described above, the *Hughes* and *Pera* plaintiffs and their counsel attended the mediation held on March 11, 2020.  Defendants did not reach a proposed class action settlement with the *Hughes* and *Pera* plaintiffs.  Following those unsuccessful discussions, Defendants then reached a proposed class action settlement with the *Roe v. SFBSC* and "San Diego *Roe*" plaintiffs.  Aside from the information included above, the *Hughes* and *Pera* plaintiffs and their counsel have not yet had an opportunity to review the proposed class action settlement and its terms.

11
12
13
14
15
16
17

Also, as discussed above, the settlement reached with the *Hughes* and *Pera* plaintiffs includes only those arbitrable claims that this Court compelled to arbitration.  The settlement does not include the non-arbitrable wage claims of *Hughes* Plaintiff Diana Tejada, whose motion for conditional certification remains pending.  At the upcoming conference, the *Hughes* plaintiffs wish to discuss how that motion and the live claims of Plaintiff Tejada shall proceed given that the other parties still have not moved for preliminary approval and Plaintiff Tejada's motion for FLSA notice has been fully briefed for more than one year.

18
19

**D.**     **Statement of Plaintiffs in *Roes 1 - 2 v. Déjà Vu Services, Inc., et al.* (Case No. 19-cv-03960-LB)**

20
21
22
23

Plaintiffs in the *Roes 1 - 2 v. Déjà Vu Services, Inc., et al*. join the requests of the Plaintiffs in the *Roe v. SFBSC Management, LLC et al.*, Case No. 14-cv-03616-LB made herein (*see, supra,* section I.B), as the San Diego *Roe* Plaintiffs believe that the Settlement (as outlined above) will resolve their claims.

24
25

**E.**     **Statement of Plaintiffs *Gomez-Ortega v. Déjà Vu – San Francisco, LLC, et al.* (Case No. 17-CV-06971-LB)**

26
27
28

Plaintiff Gomez-Ortega maintains her objections from the previous case management statement.  Defendants proceeded to mediation on the claims in the other related cases without the participation of Gomez-Ortega and agreed to a settlement of class claims.  She did not opt-in to any

6

JOINT CASE MANAGEMENT STATEMENT – *ROE v. SFBSC MANAGEMENT, LLC ET AL.*,
CIVIL CASE NO. 14-CV-03616-LB AND RELATED CASES

settlement, has not seen the releases described above by Defendants, and accordingly disputes Defendants' contention that her claims are released.  Further, as counsel is aware that Gomez-Ortega was represented in this matter, any class notice should have been sent to her counsel of record, and any direct communication with her would constitute an inappropriate communication to a represented party.  To the extent that the claims of Plaintiff are covered by the settlements reached in mediation and/or negotiations conducted in Plaintiff's absence, she reserves the right to object.

Based on Defendants' statement above, Plaintiff has been and will continue to be prejudiced by having her case delayed for an indefinite amount of time given the COVID-19 pandemic as it is still uncertain when Defendants will be permitted to reopen their businesses even under their requested parameters, and given that nearly 17 months have passed since the other cases were settled in mediation without filing a preliminary approval motion.  Therefore, Plaintiff objects to a stay of her action and specifically requests that the stay be lifted and that discovery be allowed to proceed against Defendants.

DATED: August 5, 2021                    Respectfully submitted,

LONG & LEVIT LLP

By:  /s/ Shane M. Cahill
DOUGLAS J. MELTON, SBN 161353
SHANE M. CAHILL, SBN 227972
Attorneys for Defendants
SFBSC MANAGEMENT, LLC and the SAN FRANCISCO NIGHTCLUBS


THE TIDRICK LAW FIRM LLP

By: /s/ Steven G. Tidrick
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
Attorneys for Plaintiffs *JANE ROES 1-21* in Case No. 14-cv-03616-LB

7

LICHTEN & LISS-RIORDAN, P.C.

By: */s/ Shannon Liss-Riordan*
    SHANNON LISS-RIORDAN
    Attorneys for Plaintiffs in *HUGHES V. S.A.W.*
    *ENTERTAINMENT, LTD., et al.*, Case No. 16-
    cv-03371-LB and Intervenors in JANE ROE
    NO. 1 and 2 in Case No. 19-cv-03960-LB

SOMMERS SCHWARTZ, P.C.

By: */s/ Trenton Kashima*
    JASON J. THOMPSON
    TRENTON KASHIMA
    Attorneys for Plaintiffs JANE ROE NO. 1 and
    2 in Case No. 19-cv-03960-LB

SETAREH LAW GROUP

By: */s/ Nolan Dilts*
    SHAUN SETAREH
    NOLAN DILTS
    Attorneys for Plaintiff GOMEZ-ORTEGA in
    Case No. 17-CV-06971-LB

BOWMAN and BROOKE LLP

By: */s/ Tammara N. Bokmuller*
    TAMMARA N. BOKMULLER
    Attorneys for Defendants Déjà Vu Services,
    Inc., Harry Mohney, Grapevine Entertainment,
    Inc. d/b/a Déjà Vu Showgirls; Nite Life East,
    LLC d/b/a Little Darlings; SP Star Enterprise,
    Inc. d/b/a Déjà Vu; Coldwater, LLC d/b/a Deja
    Vu Showgirls; 3610 Barnett Ave., LLC d/b/a
    Adult Superstore; Jolar Cinema of San Diego,
    Ltd. d/b/a Jolar Cinema Showgirls; Showgirls
    of San Diego, Inc. d/b/a Deja Vu Showgirls;
    Stockton Enterprises, LLC d/b/a Deja Vu
    Showgirls; Cathay Entertainment, Inc.; and,
    Eyefull, Inc. d/b/a Déjà Vu Showgirls in *JANE*
    *ROE NO. 1 and 2* in Case No. 19-cv-03960-LB

8

JOINT CASE MANAGEMENT STATEMENT – *ROE v. SFBSC MANAGEMENT, LLC ET AL.*,
CIVIL CASE NO. 14-CV-03616-LB AND RELATED CASES

1

## ATTTESTATION PURSUANT TO N.D. CAL. LOCAL RULE 5-1

2      Pursuant to N.D. Cal. Local Rule 5-1(i)(3), I attest that concurrence in the filing of the

3   document has been obtained from each of the other Signatories.  I declare under penalty of perjury

4   that the foregoing is true and correct.

5

6   DATED: August 5, 2021                    BOWMAN and BROOKE LLP

7                                            By: */s/ Tammara N. Bokmuller*
                                                 TAMMARA N. BOKMULLER
8                                                Attorneys for Defendants Déjà Vu Services, Inc.,
                                                 Harry Mohney, Grapevine Entertainment, Inc.
9                                                d/b/a Déjà Vu Showgirls; Nite Life East, LLC
                                                 d/b/a Little Darlings; SP Star Enterprise, Inc.
10                                               d/b/a Déjà Vu; Coldwater, LLC d/b/a Deja Vu
                                                 Showgirls; 3610 Barnett Ave., LLC d/b/a Adult
11                                               Superstore; Jolar Cinema of San Diego, Ltd. d/b/a
                                                 Jolar Cinema Showgirls; Showgirls of San Diego,
12                                               Inc.   d/b/a   Deja   Vu   Showgirls;   Stockton
                                                 Enterprises, LLC d/b/a Deja Vu Showgirls;
13                                               Cathay Entertainment, Inc.; and, Eyefull, Inc.
                                                 d/b/a Déjà Vu Showgirls in *JANE ROE NO. 1 and*
14                                               *2* in Case No. 19-cv-03960-LB

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9